The appellant, Gary Lynn Harrison, was indicted for trafficking in cocaine, a violation of § 13A-12-231, Code of Alabama 1975. A jury found him guilty as charged, and the trial court sentenced Harrison to life in prison without parole.
The facts adduced at trial tended to show the following. On July 7, 1992, agents of the narcotics division of the Alabama Alcoholic Beverage Control Board and members of the police departments of several cities in Jefferson County were investigating Harrison. As part of that investigation, the agents set up a drug buy pursuant to which they and an informant would purchase two ounces of cocaine from Harrison for $935. The agents and Harrison agreed to conduct the transaction at a Food World grocery store in Irondale. The informant, carrying the money, rode with Harrison in a red Pontiac Fiero automobile, and the undercover officers called other officers to set up surveillance of the grocery store's parking lot. The agents found the car parked on the shoulder of Highway 78. The informant was in the car and said that Harrison had gotten into a blue car driven by a black male. According to the informant, a black female was in the passenger seat.
The agents drove along down the highway until they saw a blue Camaro with three occupants fitting the description given by the informant. Harrison was in the back seat. Law enforcement units chased the Camaro, which was eventually stopped. Agent Johnson testified that just before the car stopped, however, he saw Harrison look back toward the officers, then lean out of the window and toss a white package from the car.
Two agents, Chambers and Johnson, searched for the package, and Chambers found what appeared to be the package Harrison threw from the car. Chambers gave the package to Johnson. Johnson then gave the package to Officer Cunningham of the Irondale Police Department, who in turn, gave it to Agent Cole of the Alcoholic Beverage Control Board. Cole turned the package over to Danny Kirkpatrick of the State Department of Forensic Sciences for testing. The package contained 38.61 grams of cocaine.
Harrison raises one issue on appeal. He contends that the trial court erred in admitting cocaine into evidence because, he says, the State did not prove a proper chain of custody. InEx parte Holton, 590 So.2d 918 (Ala. 1991), the Alabama Supreme Court set out the test for establishing a chain of custody.
 "The chain of custody is composed of 'links.' A 'link' is anyone who handled the item. The State must identify each link from the time the item was seized. In order to show a proper chain of custody, the record must show each link and also the following with regard to each link's possession of the item: '(1) [the] receipt of the item; (2) [the] ultimate disposition of the item, i.e., transfer, destruction, or retention; and (3) [the] safeguarding and handling of the item between receipt and disposition.' Imwinklereid, The Identification *Page 605 of Original, Real Evidence, 61 Mil.L.Rev. 145, 159 (1973).
 "If the State, or any other proponent of demonstrative evidence, fails to identify a link or fails to show for the record any one of the three criteria as to each link, the result is a 'missing' link, and the item is inadmissible. If, however, the State has shown each link and has shown all three criteria as to each link, but has done so with circumstantial evidence, as opposed to the direct testimony of the 'link,' as to one or more criteria or as to one or more links, the result is a 'weak' link. When the link is 'weak,' a question of credibility and weight is presented, not one of admissibility."
590 So.2d at 920.
Harrison contends that because Agent Chambers, who found the package Harrison allegedly tossed from a moving car, did not testify, there is a missing link in the chain of custody. Therefore, he says, the cocaine should not have been admitted. However, the court in Holton did not hold that each "link" must testify in order for the State to prove a complete chain; the court stated that the State must identify each link and that as to each link, each of the three criteria must be met.
We agree with the State that each of the criteria was met as to Agent Chamber's retrieval and handling of the cocaine. Agent Johnson, who was working with Chambers when Harrison was arrested, testified that he saw Harrison throw a package from the car they had been following. Johnson said that he and Chambers began searching the roadside for the package, and that Chambers found it. Johnson said he and Chambers were "immediately next to each other" when the package was found. He testified that Chambers picked up the package and carried it back to the car, then gave it to him. Johnson identified the package offered into evidence as the package retrieved by Chambers, and further testified that the package had not been altered or changed in any way.
Through Agent Johnson's testimony, the State identified Chambers as a link in the chain, and explained how Chambers came to possess the item, what Chambers did with the item, and how the item was safeguarded and handled while in Chambers's possession. Thus, each of the three Holton criteria are met.
Because the State showed the three criteria as to Chambers's possession of the package by circumstantial evidence rather than by Chambers's direct testimony, the result might be a 'weak' link. However, as the Supreme Court held inHolton, "[w]hen the link is 'weak,' a question of credibility and weight is presented, not one of admissibility." Ex parteHolton, 590 So.2d at 920. Therefore, the trial court did not err in admitting the cocaine into evidence.
AFFIRMED.
All the Judges concur.